UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE HUMMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-604 CAS |
| ) | |
| BRIAN DAILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is a motin to transfer this case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404, filed by defendants Brian Dailey and Dailey Law Firm, P.C. ("Dailey Law"). The motion is unopposed. Plaintiff Katherine Hummel failed to file a response, and the time to do so has expired. For the following reasons, the Court will grant defendants' motion to transfer to the United States District Court Eastern District of Michigan.

*Background*

This is a civil action for damages arising out of plaintiff Katherine Hummel's employment with Dailey Law. Plaintiff originally filed her suit against defendants in Missouri state court in the Circuit Court of St. Louis County. The case was removed to this District on April 10, 2015, and assigned to the undersigned. Defendants filed a answer to plaintiff's Complaint and also moved to transfer to the Eastern District of Michigan based on a forum selection clause in an employment agreement between the parties.

Daily Law is in the business of providing legal advice and services to its clients. Dailey Law's principal place of business is in Michigan, near Detroit. Dailey Law also has an office in Illinois. On February 25, 2014, plaintiff executed an employment agreement whereby she accepted

employment with Dailey Law as a licensed attorney in the states of Illinois and Missouri. A copy of the employment agreement is attached to defendants' motion to transfer. The employment agreement provides that:

> Any action regarding this Agreement or Employee's employment with or separation from the Firm must be brought and prosecuted in the state courts of Oakland County, Michigan or in the United States District Court for the Eastern District of Michigan, and the parties will not dispute that personal jurisdiction or venue is appropriate and convenient in those courts. Doc. 8, Ex. 1.

Despite this language in the employment agreement, plaintiff brought suit against defendants in Missouri state court for failure to pay compensation following discharge, and fraudulent and negligent misrepresentation, all of which relate to plaintiff's employment with Dailey Law.

## *Discussion*

In their motion, defendants seek to have this case transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Michigan. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The Supreme Court has instructed that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atlantic Marine Const. Co. v. United States Dist. Court for the Western Dist. of Tex., 134 S. Ct. 568, 581 (2013). "[W]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Id. at 583. In a case not involving a forum-selection clause, a district court must evaluate both the convenience of the parties and various public-interest considerations. Id. at 581. If there is a valid forum-selection

clause, however, the district court must adjust its usual § 1404(a) analysis in a number of ways. "First, the plaintiff's choice of forum merits no weight." Id. Instead, as the party "defying" the clause, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. Second, a district court "should not consider arguments about the parties' private interests." Id. at 582. Once parties agree to a forum-selection clause, "they waive the right to challenge the preselected forum as inconvenient," and the district court may consider public-interest factors only. Id. What is more, public-interest factors "will rarely defeat a transfer motion" with "the practical result . . . that forum-selection clauses should control except in unusual cases."[1] Id. "[P]roper application of §1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." Id. at 579 (internal citations omitted).

In this case, defendants have presented evidence of a valid contract with a forum selection clause. Defendants submitted an affidavit attesting to the fact that parties freely bargained for and agreed to the forum selection clause. Plaintiff did not respond to the motion, and there is no evidence before the Court that the agreement is invalid or void. Under the terms of the contract, plaintiff agreed to litigate any disputes with defendants regarding her employment in Michigan. The forum-selection clause expressly states that "Any action regarding this Agreement or Employee's employment with or separation from the Firm must be brought and prosecuted in the state courts of Oakland County, Michigan or in the United States District Court for the Eastern District of Michigan." Doc. 8, Ex. 1. For whatever reason, plaintiff chose to bring suit in Missouri state court.

---

[1] A third difference, which is not relevant here, is that "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n. 6 (1981)).

The Court, however, cannot give any deference to plaintiff's choice of forum. It is clear from the record, that the subject matter of this dispute falls squarely within the scope of the forum selection clause. All of plaintiff's claims relate to her employment with or separation from Dailey Law and they are, therefore, subject to the forum selection clause.

Finding defendants have presented evidence of a valid agreement with a forum selection clause, and that plaintiff has presented no arguments demonstrating transfer is unwarranted, the Court grants defendants' motion to transfer to the United States District Court for the Eastern District of Michigan.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Brian Dailey and Dailey Law Firm, P.C.'s motion to transfer venue under 28 U.S.C. § 1404 to the United States District Court for the Eastern District of Michigan is **GRANTED.** [Doc. 7]

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404, the Clerk of Court shall transfer this case to the United States District Court for the Eastern District of Michigan.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __1st__ day of July, 2015.